[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, commenced this action claiming a dissolution of her marriage to the defendant, custody of the minor children, child support, alimony, equitable distribution of the marital real property and any and all other relief this court may deem proper.
The trial of this matter was held on December 20, 1991 and due to various factors, additional oral argument was held in April, 1992. The court finds that the following facts as proven:
1. The plaintiff and the defendant intermarried on May 23, 1970 at Tucson, Arizona.
2. The plaintiff has resided continuously in the State of Connecticut for at least twelve months next preceding the filing of her complaint.
3. The marriage of the parties has broken down irretrievably.
4. There are two minor children issue of the marriage: Michael V. Crandall, born May 31, 1977 and Stephen J. Crandall, born April 23, 1979.
5. The parties separated in June, 1991 and the defendant continues to reside in the marital home at Stone Boat Road, Old Saybrook, Connecticut with the minor children.
6. The plaintiff is 41 years old and the defendant is 44 years old.
7. The cause of the break down is not easy to CT Page 5906 ascertain. The evidence indicates that both parties have indulged for several years in excessive drinking. The defendant has also used physical violence against the plaintiff on several occasions and the plaintiff subsequent to the filing of suit for a dissolution of the marriage but prior to the separation became involved with another male with whom she admitted having sexual relations since August of 1991. The plaintiff also admitted in her testimony that her drinking contributed to the break up of the marriage. This court then would find the cause of the break down to be due to several factors attributable to both parties.
8. The plaintiff has worked as an receptionist mostly on a part-time basis since 1988. Prior to that time she worked for a few months at Blue Cross and for several years prior to 1988 she worked part-time at Hi-Rel Products in Old Saybrook. She is presently employed at Hi-Rel Products as an receptionist at $7.00 an hour and works part-time from 9:00 A.M. to 1:00 P.M. She earns $175.00 per week and claims a net income or take home pay of $123.00 per week.
9. The defendant has worked for Southern New England Telephone Co. since approximately 1970 and is in a management position and earns a gross weekly pay of $869.00. He claims total deductions of $364.00 per week and a net weekly wage of $523.00. It should be noted, however, that a review of 1988, 1989, and 1990 tax returns shows that the tax liability of these parties is generally approximately $4,200 to $4,500. The defendant lists tax deductions of $190. per week from his pay which would be approximately $9,500 and would be far in excess of his tax liability. It should be noted that in the last three years the parties have received tax refunds of $1,500 to $1,700. In addition the defendant has $85. per week taken out of his pay on a voluntary basis for 401K Plan. His actual net pay is somewhere between $600 and $700. per week.
10. The parties have a number of assets which are as follows:
a. The jointly owned marital residence which the parties stipulated has a value of $220,000. and is subject to a mortgage of $37,000. leaving equity of $183,000.
b. SNET Management Savings Plan in the amount of $107,961.90 as of October 31, 1991.
c. Savings account at SNET Federal Credit Union CT Page 5907 in the amount of $24,300.
d. 440 shares of SNET stock at $32 per share for a value of $14,080.
e. Two IRA accounts — one for each party totaling $5,468.
f. 1986 Nissan Stanza automobile value approximately $5,000.
g. 1984 Subaru GL Wagon value approximately $1,000.
h. A parcel of land at Port Charlotte, Florida value $3,000.
i. SNET Pension Plan — present value undetermined.
11. The parties have stipulated and agreed to joint custody of the two minor children with their primary residence to be with the defendant father and the plaintiff mother to have liberal rights of visitation. The defendant father has waived any claim to child support by the plaintiff mother and the plaintiff has waived any claim to alimony.
12. After reviewing all of the facts found, the evidence presented and the statutory criteria set forth in Conn. General Statutes Secs. 46b-81 and 46b-82, the court enters the following orders:
A. The marriage is dissolved.
B. By agreement of the parties, the joint custody of the two minor children is awarded to both parties with the primary physical residence to be with the defendant father. The plaintiff mother is to have liberal rights of visitation.
C. The plaintiff is ordered to convey all of the right, title and interest in and to the marital residence at Stone Boat Road, Old Saybrook in exchange for a mortgage in the amount of $91,500 with interest payable at 5% on a quarterly annual basis. Said mortgage shall be due and payable at the earliest of the following events. April 23, 1997, the remarriage of the defendant or cohabitation of the defendant as defined by our statutes.
D. The court is awarding to the plaintiff 40% of the three main liquid assets, namely the SNET Management CT Page 5908 Savings Plan (Paragraph b), the Savings Account in the SNET Federal Credit Union and the 440 shares of SNET stock. These three items total $145,000. and the defendant is ordered to make payment of the sum of $58,000. as follows:
 1. Transfer all of his right, title and interest in and to the Savings Account at the Federal Credit Union,
 2. Transfer all of his right, title and interest in and to the 440 Shares of SNET stock, and
3. Pay $20,000. cash to the plaintiff.
Each party shall retain their IRA account as their own separate property.
E. The 1986 Nissan automobile shall be the sole property of the plaintiff and 1984 Subaru automobile shall be the sole property of the defendant.
F. There are substantial accounts for the benefit of each of the three children of the parties held in the form of SNET stock or saving account in SNET Credit Union.
Those accounts and funds shall be held, managed and used in accordance with an agreement signed by both parties dated January 15, 1992 called Exhibit A, a copy of which is attached herein and made a part hereof.
Any payments made during the pendency of this matter by way of advance shall be treated a alimony pendente lite and the defendant shall not be entitled to credit or reimbursement of any sums so paid.
The plaintiff shall be entitled to and is hereby awarded $390. per month of the defendant's pension and the defendant shall prepare and execute the necessary documents so that this order may become a qualified domestic relations order and vest that portion of the pension with the plaintiff wife.
G. To the extent that it is necessary to withdraw money from the SNET Management Savings Plan ($20,000) and to the extent that capital gains tax liability may arise from the transfer of the shares of stock in SNET, the plaintiff shall be liable for 1/2 the income tax liability due to the Federal and State authorities for those two items. CT Page 5909
The defendant shall maintain health insurance for the benefit of the children and shall co-operate and execute any and all documents necessary to provide COBRA benefits for the plaintiff but the premiums shall be paid by the plaintiff.
H. This court makes no award of attorney's fees and leaves each party to pay their own attorney's fees.
O'CONNELL, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk
AGREEMENT REGARDING CHILDREN'S FUNDS
1. Charles G. Crandall and Gayle E. Crandall hereby agree that each of the children has in his name funds in two separate entities; a) SNET Stock, and b) his own account in the SNET Credit Union.
2. The parties agree that these funds shall only be used for the benefit of each of the children, and the parties agree that no funds shall be expended from either account for any of the boys without the consent of both parents, which consent will not be unreasonably withheld.
3. It is agreed that these accounts shall be used for the education of each of the three boys, and it is agreed that after each child reaches the age of twenty-three the funds will be turned over to each child and become the property of each child.
Gayle E. Crandall Charles G. Crandall